UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **DUSTIN A. KING**, | ) | Case No.:1:14-cv-01092 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **MARION COUNTY CIRCUIT COURT**, | ) | |
| **MARION COUNTY OFFICE OF THE COURT** | ) | |
| **ADMINISTRATOR**,**MARION COUNTY** | ) | |
| **COUNCIL**,**INDIANA SUPREME COURT**,and | ) | |
| **INDIANA SUPREME COURT, DIVISION OF** | ) | |
| **STATECOURTADMINISTRATION**. | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

**COMES NOW**, Plaintiff Dustin A. King, by counsel, complaining of DefendantsMarion County Circuit Court,Marion County Office of the Court Administrator, Marion County Council, Indiana Supreme Court, and the Indiana Supreme Court, Division of State Court Administration and states to this Court as follows:

**JURISDICTION**

1. This Court has subject matter jurisdiction over this action under 28 U.S.C.§ 1331 because this litigation implicates the proper interpretation and application of the federal Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("Section 504"), which prohibit discrimination on the basis of disability and affirmatively require covered entities to provide appropriate auxiliary aids and services to individuals with disabilities when necessary to ensure equally effective communication.

2. The acts and omissions of Defendants giving rise to this action occurred in Indianapolis, Indiana, making venue proper in this judicial district under 28 U.S.C. § 1391.

## THE PARTIES

3. Plaintiff Dustin A. King ("King") is an individual and resides in Marion County, Indiana.

4. Defendant Marion CountyCircuit Court has its principal offices in Marion County, Indiana and exercises jurisdiction of all civil matters filed in Marion County, including family law and juvenile cases, and administers all these cases and the courts activities with respect to these cases, including, but not limited to, providing ASL interpreters so that deaf individuals have access to its courts.

5. Defendant Marion County Office of the Court Administrator has its principal offices in Marion County, Indiana and handles "non-judicial administrative matters" of the Marion County Courts, including the provision of the Marion County Superior Courts budget, the preparation of said budget, and other support services, including the provision of ASLinterpreters so that deaf individuals have access to the Marion County Superior Courts.

6. Defendant Marion County Councilhas its principal offices in Marion County, Indiana and collects and appropriates funds to the Marion County Superior Courts, including funds and monies to pay for the provision of ASL interpreters so that deaf individuals have access to the Marion County Superior Courts.

7. Defendant Indiana Supreme Court ("Indiana Supreme Court") has its principal offices in Marion County, Indiana and manages the entire Indiana judicial system, and its "courts, officers and related offices and programs", including the Marion County Superior Courts.

8. Defendant Indiana Supreme Court Division of State Court Administration ("DSCA") has its principal offices in Marion County, Indiana and assists the Indiana Supreme Court in

managing the entire Indiana judicial system, and its "courts, officers and related offices and programs", including the Marion County Superior Courts.

9. The Marion County Circuit Court, the Marion County Office of the Court Administrator, the Marion County Council, the Indiana Supreme Court, and DSCA may be collectively referred to as "Defendants".

10. At all times relevant, Defendants were each recipients either directly and/or indirectly of federal financial assistance and were each recipients either directly and/or indirectly of federal financial assistance specifically for the provision of ASL interpreters and other auxiliary aids and services.

## FACTUAL ALLEGATIONS

### Background

11. King is a deaf individual.

12. King is substantially limited in the major life activities of hearing and speaking.

13. King's primary mode of communication is American Sign Language ("ASL").

14. King is only able to follow, understand, and participate incourt proceedings with an ASL interpreter.

### Mandatory Mediation

15. King was party Respondentin Cause No.: 49C01-1009-JP-041187where the parties had disputes related to custody and parenting time of King's daughter.

16. King was required by the trial court to participate in mediation in the aforementioned matter with the other party because the issues would require two or more hours of the trial court's time pursuant to Marion County local rule LR49-FR00-502(H).[1]

17. The mandatory mediation was scheduled for July 12, 2013.

18. On or about June 21, 2013, King, by counsel, moved for the appointment of an ASL interpreter by the trial court and at the trial court's expense because King is an individual of modest means.

19. Said motion was denied by the trial court on or about June 23, 2013 stating that "Court does not supply interpreters for mediation hearings."

20. On June 27, 2013, King moved for the trial court to reconsider its denial of King's request for an ASL interpreter at the trial court's expense and filed a memorandum in support of his motion to reconsider stating that such denial would be a violation of the Americans with Disabilities Act.

21. Said motion to reconsider was denied by the trial court on July 3, 2013.

22. Shortly thereafter, King moved for the trial court to certify the issue for interlocutory appeal.

23. Said motion was also denied.

24. King was never provided an ASL interpreter, let alone a qualified ASL interpreter, for the mediation on July 12, 2013.

---

[1] The Indiana Supreme Court and the DSCA currently consider alternative dispute resolution in family law matters a "core value" and have programmed projects and services in support of that value. *See generally* Frances G. Hill & Loretta A. Oleksy, "Vision and Evaluation: The Indiana Family Court Project (2008)," available at http://www.in.gov/judiciary/family- court/2361.htm (last visited May 22, 2014).

25. As a result the foregoing, King was required to find his own ASL interpreter for the mediation.

26. Fortunately, King found a family member that was available to interpret during the mediation.

### Post-Mediation

27. King submitted a *Complaint of Discrimination* to the Indiana Civil Rights Commission on December 27, 2013, pursuant to statutory limitations, alleging that he was denied access to the trial court "in violation of federal ADA rules, due process, accommodations, and public access."

28. King also submitted a *Notice of Tort Claim* to the Office of the Indiana Attorney General, the trial court, and the Indiana Political Management Risk Assessment Subdivision on December 27, 2013, pursuant to Ind. Code § 34-13-3-1 *et. seq.* That notice included that King "should have full access to the legal system, including mediation" despite being deaf and of modest means.

### COUNT 1: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

29. King incorporates and restates each of the above paragraphs as if fully set forth herein.

30. King is a qualified individual with disability as defined in 42 U.S.C. § 12131(2).

31. Defendants are state and county departments, agencies, or other instrumentality of a state or state government; accordingly, Defendants are public entities as defined in 42 U.S.C. § 12131(1).

32. Title II of the ADA, 42 U.S.C. § 12132 provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be

denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

33. Defendants have intentionally discriminated against King in violation of Title II of the ADA, 42 U.S.C. § 12132 by refusing to provide auxiliary aids and services necessary to ensure an equal opportunity for King to participate in mandatory mediation, a program and law required and promoted by Defendants.

34. Despite the fact that King used a family member to interpret during the mediation, Defendants were obligated to provide "impartial" interpreting services, that is, an interpreter that does not have a personal relationship to King.

35. King has suffered injuries and damages as a result of the conduct described above and prayers for relief as requested below.

### COUNT 2: VIOLATION OF THE REHABILITATION ACT

36. King incorporates and restates each of the above paragraphs as if fully set forth herein.

37. Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, provides, "No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

38. Defendants have intentionally discriminated against King by refusing to provide auxiliary aids and services necessary to ensure an equal opportunity for King to participate in mandatory mediation in violation of Section 504 of the Rehabilitation Act.

39. King has suffered injuries and damages as a result of the conduct described above and prayers for relief as requested below.

**PRAYER FOR RELIEF**

40. King prays that a judgment be entered on his behalf and against the Defendants on all Counts of this Complaint that:

   A. Declares that Defendants conduct as alleged herein violates the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* and the Rehabilitation Act, 29 U.S.C. § 701*et seq.* to the fullest extent of these laws;

   B. Awards actual, compensatory, and punitive damages to King, including reasonable attorney's fees and any and all litigation costs incurred in this matter under 42 U.S.C. § 3613, 29 U.S.C. § 794a, and/or to the fullest extent of these laws;

   C. Considers the tax consequences of any award; and,

   D. Awards any and all other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

King hereby demands a trial by jury of all issues so triable.

Dated: June 29, 2014

Respectfully submitted,

*s/ Alex Beeman*_____
Andrea L. Ciobanu, #28942-49
Alex Beeman, #31222-49
CIOBANU LAW, P.C.
8910 Purdue Road
Indianapolis, Indiana 46268
Telephone: (317) 495-1090
Facsimile: (866) 841-2071
Email: aciobanu@ciobanulaw.com
Email: abeeman@ciobanulaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on June 29, 2014 a copy of this document was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      I further certify that on June 29, 2014 a copy of this document was mailed, by first-class U.S. Mail, postage prepaid and properly addressed to the following:

Marion County Circuit Court
W-506City-County Building
200 E. Washington Street
Indianapolis, Indiana 46204

Marion County Office of the Court Administrator
T-1221 City-County Building
200 E. Washington Street
Indianapolis, Indiana 46204

Marion County Council
241 City-County Building
200 E. Washington St.
Indianapolis, Indiana 46204

Indiana Supreme Court
315 Indiana State House
200 W. Washington Street
Indianapolis, Indiana 46204

Division of State Court Administration
Indiana Supreme Court
315 Indiana State House
200 W. Washington Street
Indianapolis, Indiana 46204

                                                    *s/ Alex Beeman*
                                                    Andrea L. Ciobanu, #28942-49
                                                    Alex Beeman, #31222-49
                                                    CIOBANU LAW, P.C.
                                                    8910 Purdue Road
                                                    Indianapolis, Indiana 46268
                                                    Telephone: (317) 495-1090
                                                    Facsimile: (866) 841-2071
                                                    Email: aciobanu@ciobanulaw.com
                                                    Email: abeeman@ciobanulaw.com