UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **DUSTIN A. KING**, ) | Case No.: 1:14-cv-01092-JMS-MJD |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **MARION COUNTY CIRCUIT COURT**, ) | |
| **MARION COUNTY OFFICE OF THE COURT** ) | |
| **ADMINISTRATOR**, **MARION COUNTY** ) | |
| **COUNCIL, INDIANA SUPREME COURT**, and ) | |
| **INDIANA SUPREME COURT, DIVISION OF** ) | |
| **STATE COURT ADMINISTRATION**. ) | |
| ) | |
| Defendants. ) | |

**AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

**COMES NOW**, Plaintiff Dustin A. King, by counsel, complaining of Defendants Marion County Circuit Court, Marion County Office of the Court Administrator, Marion County Council, Indiana Supreme Court, and the Indiana Supreme Court, Division of State Court Administration and states to this Court as follows:

**JURISDICTION**

1. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because this litigation implicates the proper interpretation and application of the federal Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("Section 504"), which prohibit discrimination on the basis of disability and affirmatively require covered entities to provide appropriate auxiliary aids and services to individuals with disabilities when necessary to ensure equally effective communication.

2. The acts and omissions of Defendants giving rise to this action occurred in Indianapolis, Indiana, making venue proper in this judicial district under 28 U.S.C. § 1391.

1

## THE PARTIES

3. Plaintiff Dustin A. King ("King") is an individual and resides in Marion County, Indiana.

4. Defendant Marion County Circuit Court has its principal offices in Marion County, Indiana and exercises jurisdiction of all civil matters filed in Marion County, including family law and juvenile cases, and administers all these cases and the courts activities with respect to these cases, including, but not limited to, providing ASL interpreters so that deaf individuals have access to its courts.

5. Defendant Marion County Office of the Court Administrator has its principal offices in Marion County, Indiana and handles "non-judicial administrative matters" of the Marion County Courts, including the provision of the Marion County Superior Courts budget, the preparation of said budget, and other support services, including the provision of ASL interpreters so that deaf individuals have access to the Marion County Superior Courts.

6. Defendant Marion County Council has its principal offices in Marion County, Indiana and collects and appropriates funds to the Marion County Superior Courts, including funds and monies to pay for the provision of ASL interpreters so that deaf individuals have access to the Marion County Superior Courts. As the sole legislative body in Marion County it has the ultimate decisionmaking power with respect to the allocation and expenditures of funds collected, including from tax revenue and grants provided by the State of Indiana and the federal government, and to determine proper policy and set priorities regarding the fiscal affairs of Marion County.

7. Defendant Indiana Supreme Court ("Indiana Supreme Court") has its principal offices in Marion County, Indiana and manages the entire Indiana judicial system, and its "courts, officers and related offices and programs", including the Marion County Superior Courts.

8. Defendant Indiana Supreme Court Division of State Court Administration ("DSCA") has its principal offices in Marion County, Indiana and assists the Indiana Supreme Court in managing the entire Indiana judicial system, and its "courts, officers and related offices and programs", including the Marion County Superior Courts.

9. The Marion County Circuit Court, the Marion County Office of the Court Administrator, the Marion County Council, the Indiana Supreme Court, and DSCA may be collectively referred to as "Defendants".

10. At all times relevant, Defendants were each recipients either directly and/or indirectly of federal financial assistance and were each recipients either directly and/or indirectly of federal financial assistance specifically for the provision of ASL interpreters and other auxiliary aids and services.

## FACTUAL ALLEGATIONS

### Background

11. King is a deaf individual.

12. King is substantially limited in the major life activities of hearing and speaking.

13. King's primary mode of communication is American Sign Language ("ASL").

14. King is only able to follow, understand, and participate in court proceedings with an ASL interpreter.

### Mandatory Mediation

15. King was party Respondent in Cause No.: 49C01-1009-JP-041187 where the parties had disputes related to custody and parenting time of King's daughter.

16. King was required by the trial court to participate in mediation in the aforementioned matter with the other party because the issues would require two or more hours of the trial court's time pursuant to Marion County local rule LR49-FR00-502(H).[1]

17. The mandatory mediation was scheduled for July 12, 2013.

18. On or about June 21, 2013, King, by counsel, moved for the appointment of an ASL interpreter by the trial court and at the trial court's expense because King is an individual of modest means.

19. Said motion was denied by the trial court on or about June 23, 2013 stating that "Court does not supply interpreters for mediation hearings."

20. The trial court seemingly based its decision on the lack of funding for interpreters in mediation.

21. The trial court did not offer King any alternative or request any modification with respect to his denial of an interpreter for King at the trial court's expense.

22. On June 27, 2013, King moved for the trial court to reconsider its denial of King's request for an ASL interpreter at the trial court's expense and filed a memorandum in support of his motion to reconsider stating that such denial would be a violation of the Americans with Disabilities Act.

23. Said motion to reconsider was denied by the trial court on July 3, 2013.

24. Shortly thereafter, King moved for the trial court to certify the issue for interlocutory appeal.

---

[1] The Indiana Supreme Court and the DSCA currently consider alternative dispute resolution in family law matters a "core value" and have programmed projects and services in support of that value. *See generally* Frances G. Hill & Loretta A. Oleksy, "Vision and Evaluation: The Indiana Family Court Project (2008)," available at http://www.in.gov/judiciary/family- court/2361.htm (last visited May 22, 2014).

25. Said motion was also denied.

26. King was never provided an ASL interpreter, let alone a qualified ASL interpreter, for the mediation on July 12, 2013.

27. As a result the foregoing, King was required to find his own ASL interpreter for the mediation.

28. Fortunately, King found a family member that was available to interpret during the mediation.

29. King incurred the expense of seeking and obtaining his family member to interpret for him during mediation.

30. Defendants do not have a policy with respect to providing interpreters in mediation, mandatory mediation, or other court-ordered mediation for individuals like King.

31. Defendants further allocate no funding for the provision of interpreters in mandatory mediations or other court-ordered mediations.

### Post-Mediation

32. King submitted a *Complaint of Discrimination* to the Indiana Civil Rights Commission on December 27, 2013, pursuant to statutory limitations, alleging that he was denied access to the trial court "in violation of federal ADA rules, due process, accommodations, and public access."

33. King also submitted a *Notice of Tort Claim* to the Office of the Indiana Attorney General, the trial court, and the Indiana Political Management Risk Assessment Subdivision on December 27, 2013, pursuant to Ind. Code § 34-13-3-1 *et. seq.* That notice included that King "should have full access to the legal system, including mediation" despite being deaf and of modest means.

## COUNT 1: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

34. King incorporates and restates each of the above paragraphs as if fully set forth herein.

35. King is a qualified individual with disability as defined in 42 U.S.C. § 12131(2).

36. Defendants are state and county departments, agencies, or other instrumentality of a state or state government; accordingly, Defendants are public entities as defined in 42 U.S.C. § 12131(1).

37. Title II of the ADA, 42 U.S.C. § 12132 provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

38. Defendants have intentionally discriminated against King in violation of Title II of the ADA, 42 U.S.C. § 12132 by refusing to provide auxiliary aids and services necessary to ensure an equal opportunity for King to participate in mandatory mediation, a program and law required and promoted by Defendants.

39. Defendants have not provided reasonable modification or accommodation as necessary and required by Title II of the ADA.

40. Despite the fact that King used a family member to interpret during the mediation, Defendants were obligated to provide "impartial" interpreting services, that is, an interpreter that does not have a personal relationship to King.

41. King has suffered injuries and damages as a result of the conduct described above and prayers for relief as requested below.

## COUNT 2: VIOLATION OF THE REHABILITATION ACT

42. King incorporates and restates each of the above paragraphs as if fully set forth herein.

43. Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, provides, "No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

44. Defendants have intentionally discriminated against King by refusing to provide auxiliary aids and services necessary to ensure an equal opportunity for King to participate in mandatory mediation in violation of Section 504 of the Rehabilitation Act.

45. Defendants have not provided reasonable modification or accommodation as necessary and required by Section 504 of the Rehabilitation Act.

46. King has suffered injuries and damages as a result of the conduct described above and prayers for relief as requested below.

## PRAYER FOR RELIEF

47. King prays that a judgment be entered on his behalf and against the Defendants on all Counts of this Complaint that:

   A. Declares that Defendants conduct as alleged herein violates the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* and the Rehabilitation Act, 29 U.S.C. § 701 *et seq.* to the fullest extent of these laws;

   B. Awards actual and compensatory damages to King, including reasonable attorney's fees and any and all litigation costs incurred in this matter under 42 U.S.C. § 3613, 29 U.S.C. § 794a, and/or to the fullest extent of these laws;

   C. Considers the tax consequences of any award; and,

   D. Awards any and all other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

King hereby demands a trial by jury of all issues so triable.

Dated: September 11, 2014

        Respectfully submitted,

        *s/ Alex Beeman*
        Andrea L. Ciobanu, #28942-49
        Alex Beeman, #31222-49
        CIOBANU LAW, P.C.
        8910 Purdue Road
        Indianapolis, Indiana 46268
        Telephone: (317) 495-1090
        Facsimile: (866) 841-2071
        Email: aciobanu@ciobanulaw.com
        Email: abeeman@ciobanulaw.com