UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DUSTIN A. KING, | ) | |
| | ) | **Case No.: 1:14-cv-01092-JMS-MJD** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| INDIANA SUPREME COURT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSE IN OPPOSITION TO COUNTY DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

**COMES NOW**, Dustin A. King ("King"), by counsel, and responds in opposition to

Defendant Marion County Office of the Court Administrator and Marion County Council's

("County Defendants") *Motion to Dismiss Plaintiff's Second Amended Complaint* [dkt. 70] as

follows:

County Defendants' argue that the allegations in King's *Second Amended Complaint* [dkt.

62] do not state a claim for which relief can be granted on two basis: First, that King has not alleged

factual allegations that he was denied access to the services by reason of his disability to support

a violation of the ADA by County Defendants'.   Second, that King has not alleged factual

allegations that "implicated the County Defendants under the Rehabilitation Act." dkt. 71, p. 6.

I.     **KING HAS ALLEGED SUFFICIENT FACTS THAT HE WAS DENIED
ACCESS TO THE SERVICES OR BENEFITS DESIRED BY REASON OF
HIS DISABILITY TO SUPPORT A CLAIM UNDER THE ADA AND THE
REHABILITATION ACT**

County Defendants' claim that, "As alleged, Plaintiff's claim appears to be that the County

Defendants intentionally discriminated against him by refusing to provide him with a reasonable

accommodation at mediation based on his hearing impairment. (Dkt. No. 62, ¶¶ 77, 87.)"

However, it is clear from the complaint that King has maintained a general claim that County Defendants' have discriminated against him under both the ADA and the Rehabilitation Act.  As explained in this Court's *Order on Plaintiff's Motion to Amend* [dkt. 61], "[D]iscrimination under both the ADA and the Rehabilitation Act may 'be established by evidence that (1) the defendant intentionally acted on the basis of his disability, (2) the defendant refused to provide a reasonable modification, or (3) the defendant's rule disproportionally impacts disabled people. *Washington v. Indiana High Sch. Athletic Ass'n, Inc.*, 181 F.3d 840, 847 (7th Cir. 1999)."  King has alleged and attempted to allege a plausible claim under each of these independent bases of liability under the ADA and the Rehabilitation Act.  However, since County Defendants' have *only* challenged King's intentional discrimination claim under the ADA and Rehabilitation Act on the limited basis that King has failed to allege factual allegations that he was denied access to the services or benefits desired by reason of his disability, King will *only* respond to this argument (the only one before this Court).

In order to show that he was denied access to the services or benefits desired by reason of his disability, King must show that "but for" his disabilities, he would have been able to access the services or benefits desired (i.e. modest means mediation).  First, King was eligible and granted leave to participate in the modest means mediation program. *Second Amended Complaint* [dkt. 62], ¶¶ 38-39.  The trial court even appointed a mediator to serve as the mediator for King's scheduled modest means program. *Id.* at ¶ 40.  "King wanted and wished to participate mediation." *Id.* at ¶ 48. However, without an interpreter, King would not be able to meaningfully participate and fully communicate in mediation.  King is a deaf individual and substantially limited in the major life activities of hearing and speaking. *Id.* at ¶¶ 11-12.   King's primary mode of communication is American Sign Language ("ASL"). *Id.* at ¶ 13.  He is only able to follow,

understand, and participate in court proceedings, which would be similar to a mediation, without an ASL interpreter. *Id.* at ¶ 14. Because of this, King moved for the appointment of an ASL interpreter for the modest means mediation. *Id.* at ¶ 41. The trial court denied King's request, and even his motion to reconsider that decision. *Id.* at ¶¶ 42-45. Since he could not participate in the mediation without a qualified interpreter, King was ultimately forced to obtain an interpreter at his own expense. *Id.* at ¶¶ 52-53. It is clear from King's complaint that he would have been able to participate in the modest means mediation if provided an interpreter.[1] King's disability is the only reason he was denied the service or benefit desired.

County Defendants seek to argue that the service or benefit desired was the provision of an interpreter, and not the modest means mediation. However, the provision of an interpreter, which King requested, is merely the means of meeting County Defendants' obligation under the ADA and the Rehabilitation Act. "Title II imposes an affirmative obligation on public entities to make their programs accessible to qualified individuals with disabilities, except where compliance would result in a fundamental alteration of services or impose an undue burden." *Culvahouse v. City of LaPorte*, 679 F. Supp. 2d 931, 937 (N.D. Ind. 2009) (*citing Toledo v. Sanchez*, 454 F.3d 24, 32 (1st Cir. 2006)). This obligation includes, among other accommodations, the provision ASL interpreters. *See Kennington v. Marion County Sheriff*, 2004 U.S. Dist. LEXIS 19572 (S.D. Ind. June 28, 2004).

---

[1] King ultimately participated in the modest means mediation but at his own expense despite repeated demands upon the trial court. *See Second Amended Complaint* [dkt. 62], ¶¶ 52-53. These facts, however, do not render King's ADA claims defective based on lack of standing or otherwise. *See e.g. Order on Plaintiff's Motion to Amend* [dkt. 61], p. 5.

**II.    KING HAS ALLEGED SUFFICIENT FACTS AT THIS TIME IN THE LITIGATION THAT THE MODEST MEANS PROGRAM IS, AT LEAST IN PART, FUNDED BY FEDERAL MONIES TO SUPPORT A CLAIM UNDER THE REHABILITATION ACT**

County Defendants' second argument is that King has not alleged factual allegations that "implicated the County Defendants under the Rehabilitation Act" because "the modest means mediation program is funded by the participants, not by federal funds." dkt. 71, p. 6.

The Rehabilitation Act "'proscribes discrimination only with respect to 'programs' or 'activities' receiving federal financial assistance.' *Foss v. City of Chicago*, 817 F.2d 34, 34-35 (7th Cir. 1987). The Rehabilitation Act defines 'program or activity' to includes (*sic*), among other things, 'all of the operations of . . . a department, agency, special purposes district, or other instrumentality of a State or of a local government.' 29 U.S.C. § 794(b)(1)(A)." *Farmer v. Town of Speedway*, 2014 U.S. Dist. LEXIS 147861, 32 (S.D. Ind. Oct. 15, 2014).

County Defendants disregard the factual allegations in the complaint to broadly assert that King's complaint "does not—and cannot—allege that the County Defendants ran the program using federal funds." dkt. 71, p. 6. "A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the plaintiff's complaint, not the merits of the case." *Cox v. N. Putnam Cmty. Sch. Corp.*, 2013 U.S. Dist. LEXIS 30837, 2 (S.D. Ind. Mar. 6, 2013) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)). "When deciding a Rule 12(b)(6) motion to dismiss, the court must take all factual allegations in the complaint as true and view all facts in the light most favorable to the non-moving party." *Malibu Media, LLC v. Julien*, 2013 U.S. Dist. LEXIS 183200, 3 (S.D. Ind. Dec. 20, 2013).

King alleges that County Defendants' receive "either directly and/or indirectly" federal financial assistance for its operations. *See Second Amended Complaint* [dkt. 62], ¶ 10. County Defendants also maintain the Family Resource Center, for which is naturally funded by County

4

Defendants' through the collection and receipt of tax revenue and grants provided by the State of Indiana and the federal government. *Id.* at ¶¶ 5-6, 66. The Family Resource Center, and specifically the Family Law Resource Coordinator, oversees and directs the modest means program which is at the center of this litigation. *Id.* at ¶¶ 67-68. The Family Resource Center also regulates modest means mediators as well as who may or may not participate in the modest means mediation. *Id.* at ¶¶ 67-68. Further, County Defendants provide modest means mediators, through the modest means program, and, whenever necessary, office space where the mediation will take place. *Id.* at ¶ 69. The foregoing facts provide a sufficient basis at this stage in the litigation to maintain a Rehabilitation Act claim against the County Defendants. It is plausible that federal monies are in fact received by County Defendants for the maintenance and operation of the modest means program.

**WHEREFORE**, King, by counsel, requests this Court deny County Defendants' *Motion to Dismiss Plaintiff's Second Amended Complaint*, and for all other just and proper relief in the premises.

<div style="margin-left:50%">

Respectfully submitted,

*s/ Alex Beeman*
Andrea L. Ciobanu, #28942-49
Alex Beeman, #31222-49
Ciobanu Law, P.C.
8910 Purdue Road
Indianapolis, Indiana 46268
Telephone: (317) 495-1090
Facsimile: (866) 841-2071
Email: aciobanu@ciobanulaw.com
Email: abeeman@ciobanulaw.com

</div>

**CERTIFICATE OF SERVICE**

       I hereby certify that on December 4, 2014 a copy of this document was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/ Alex Beeman*
Andrea L. Ciobanu, #28942-49
Alex Beeman, #31222-49
Ciobanu Law, P.C.
8910 Purdue Road
Indianapolis, Indiana 46268
Telephone: (317) 495-1090
Facsimile: (866) 841-2071
Email: aciobanu@ciobanulaw.com
Email: abeeman@ciobanulaw.com

6