UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DUSTIN A. KING, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CASE NO.: 1:14-cv-01092-JMS-MJD |
| MARION COUNTY CIRCUIT COURT | ) ) ) |
| Defendant. | ) |

## DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT FOR DAMAGES

Defendant, Marion Circuit Court[1], by counsel, states as follows in response to Plaintiff's Second Amended Complaint ("Complaint")[2]:

### JURISDICTION

1. Defendant denies the allegations set forth in Paragraph No. 1 of Plaintiff's Complaint.

2. Defendant is without knowledge or information sufficient to form a belief concerning the truth of allegations set forth in Paragraph No. 2 of Plaintiff's Complaint and therefore denies those allegations.

### THE PARTIES

3. Defendant is without knowledge or information sufficient to form a belief concerning the truth of allegations set forth in Paragraph No. 3 of Plaintiff's Complaint and therefore denies those allegations.

---

[1] By the Court's Order on Defendants' Motion to Dismiss dated May 5, 2015 (DE 102), Plaintiff's reference to the Marion County Circuit Court was read by the Court to mean the Marion Circuit Court. Defendant in its Answer will refer to it by its proper name. *See* Indiana Code § 33-28-1-1.
[2] By the Court's Order on Defendants' Motion to Dismiss dated May 5, 2015 (DE 102), this Court granted, in part, State Defendants' Motion to Dismiss and County Defendants' Motion to Dismiss.

4. Defendant admits that Marion Circuit Court is in Marion County, however is without knowledge or information sufficient to form a belief concerning the truth of allegations set forth in the remainder of Paragraph No. 4 of Plaintiff's Complaint and therefore denies same.

5. This party was dismissed with prejudice by the Court in its Order on Defendants' Motion to Dismiss dated May 5, 2015 (DE 102); therefore, no response is required

6. This party was dismissed with prejudice by the Court in its Order on Defendants' Motion to Dismiss dated May 5, 2015 (DE 102); therefore, no response is required.

7. This party was dismissed with prejudice by the Court in its Order on Defendants' Motion to Dismiss dated May 5, 2015 (DE 102); therefore, no response is required.

8. This party was dismissed with prejudice by the Court in its Order on Defendants' Motion to Dismiss dated May 5, 2015 (DE 102); therefore, no response is required.

9. Defendant denies the allegations set forth in Paragraph 9 of Plaintiff's Complaint; all parties but the Marion Circuit Court were dismissed with prejudice by the Court in its Order on Defendants' Motion to Dismiss dated May 5, 2015 (DE 102).

10. Plaintiff's purported claim pursuant to Section 504 of the Rehabilitation Act was dismissed with prejudice by the Court in its Order on Defendants' Motion to Dismiss dated May 5, 2015 (DE 102), and therefore Defendant denies those allegations.

## FACTUAL ALLEGATIONS

### Background

11. Defendant is without knowledge or information sufficient to form a belief concerning the truth of allegations set forth in Paragraph No. 11 of Plaintiff's Complaint and therefore denies those allegations.

12. Defendant is without knowledge or information sufficient to form a belief concerning the truth of allegations set forth in Paragraph No. 12 of Plaintiff's Complaint and therefore denies those allegations.

13. Defendant is without knowledge or information sufficient to form a belief concerning the truth of allegations set forth in Paragraph No. 13 of Plaintiff's Complaint and therefore denies those allegations.

14. Defendant is without knowledge or information sufficient to form a belief concerning the truth of allegations set forth in Paragraph No. 14 of Plaintiff's Complaint and therefore denies those allegations.

**Domestic Relations ADR and Modest Means Mediation**

15. The allegations in Paragraph 15 state a legal conclusion, to which no response is required.

16. These parties were dismissed with prejudice by the Court in its Order on Defendants' Motion to Dismiss dated May 5, 2015 (DE 102); therefore, no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph No. 16 of Plaintiff's Complaint.

17. Defendant admits that Ind. Code § 33-23-6-3(b)(2) states that a county plan must include "a method of ensuring that the money in the alternative dispute resolution fund is disbursed in a manner that primarily benefits those litigants who have the least ability to pay."

18. Defendant admits the allegations set forth in Paragraph No. 18 of Plaintiff's Complaint.

19. The allegations set forth in Paragraph No. 19 of Plaintiff's Complaint do not address this Defendant. To the extent that the allegations in Paragraph 19 of the Complaint are construed as allegations against this Defendant, the Defendant is without knowledge or

information sufficient to form a belief concerning the truth of allegations set forth in Paragraph No. 19 of Plaintiff's Complaint and therefore denies those allegations.

20. Defendant admits the allegations contained in Paragraph No. 20 of Plaintiff's Complaint.

21. The allegations set forth in Paragraph No. 21 of Plaintiff's Complaint do not address this Defendant. These parties were dismissed with prejudice by the Court in its Order on Defendants' Motion to Dismiss dated May 5, 2015 (DE 102); therefore, no response is required. To the extent that the allegations in Paragraph 21 of the Complaint are construed as allegations against this Defendant, the Defendant denies the allegations contained in Paragraph No. 21 of Plaintiff's Complaint.

22. The allegations set forth in Paragraph No. 22 of Plaintiff's Complaint do not address this Defendant. These parties were dismissed with prejudice by the Court in its Order on Defendants' Motion to Dismiss dated May 5, 2015 (DE 102); therefore, no response is required. To the extent that the allegations in Paragraph 22 of the Complaint are construed as allegations against this Defendant, the Defendant is without knowledge or information sufficient to form a belief concerning the truth of allegations set forth in Paragraph No. 22 of Plaintiff's Complaint and therefore denies those allegations.

23. Defendant admits the allegations contained in Paragraph No. 23 of Plaintiff's Complaint.

24. Defendant admits the allegations contained in Paragraph No. 24 of Plaintiff's Complaint.

25. Defendant admits the allegations contained in Paragraph No. 25 of Plaintiff's Complaint.

26. The allegations set forth in Paragraph No. 26 of Plaintiff's Complaint do not address this Defendant. These parties were dismissed with prejudice by the Court in its Order on Defendants' Motion to Dismiss dated May 5, 2015 (DE 102); therefore, no response is required. To the extent that the allegations in Paragraph 26 of the Complaint are construed as allegations against this Defendant, the Defendant is without knowledge or information sufficient to form a belief concerning the truth of allegations set forth in Paragraph No. 26 of Plaintiff's Complaint and therefore denies those allegations.

27. The allegations set forth in Paragraph No. 27 of Plaintiff's Complaint do not address this Defendant. These parties were dismissed with prejudice by the Court in its Order on Defendants' Motion to Dismiss dated May 5, 2015 (DE 102); therefore, no response is required. To the extent that the allegations in Paragraph 27 of the Complaint are construed as allegations against this Defendant, the Defendant denies those allegations.

28. The allegations set forth in Paragraph No. 28 of Plaintiff's Complaint do not address this Defendant. These parties were dismissed with prejudice by the Court in its Order on Defendants' Motion to Dismiss dated May 5, 2015 (DE 102); therefore, no response is required. To the extent that the allegations in Paragraph 28 of the Complaint are construed as allegations against this Defendant, the Defendant is without knowledge or information sufficient to form a belief concerning the truth of allegations set forth in Paragraph No. 28 of Plaintiff's Complaint and therefore denies those allegations.

29. The allegations set forth in Paragraph No. 29 of Plaintiff's Complaint do not address this Defendant. To the extent that the allegations in Paragraph 29 of the Complaint are construed as allegations against this Defendant, the Defendant is without knowledge or information sufficient to form a belief concerning the truth of allegations set forth in Paragraph No. 29 of Plaintiff's Complaint and therefore denies those allegations.

30. The allegations set forth in Paragraph No. 30 of Plaintiff's Complaint do not address this Defendant. These parties were dismissed with prejudice by the Court in its Order on Defendants' Motion to Dismiss dated May 5, 2015 (DE 102); therefore, no response is required. To the extent that the allegations in Paragraph 30 of the Complaint are construed as allegations against this Defendant, the Defendant is without knowledge or information sufficient to form a belief concerning the truth of allegations set forth in Paragraph No. 30 of Plaintiff's Complaint and therefore denies those allegations.

31. Defendant admits the allegations contained in Paragraph No. 31 of Plaintiff's Complaint.

32. Defendant is without knowledge or information sufficient to form a belief concerning the truth of allegations set forth in Paragraph No. 32 of Plaintiff's Complaint and therefore denies those allegations.

33. Defendant denies the allegations contained in Paragraph No. 33 of Plaintiff's Complaint.

34. There are no factual allegations contained in Paragraph No. 34 of Plaintiff's Complaint; therefore, no response is required.

## Mediation

35. Defendant admits King was party Respondent in Cause No.49C01-1009-JP-041187.

36. Defendant admits that mediation had been scheduled pursuant to Marion County local rule and that the Court, within its discretion, waived the requirement of the local rules for mediation so that no Court Order or compliance with the local rules required mediation in the case.

37. Defendant denies the allegations contained in Paragraph No. 37 of Plaintiff's Complaint.

38. Defendant is without knowledge or information sufficient to form a belief concerning the truth of allegations set forth in Paragraph No. 38 of Plaintiff's Complaint.

39. Defendant admits the allegations contained in Paragraph No. 39 of Plaintiff's Complaint.

40. Defendant admits the allegations contained in Paragraph No. 40 of Plaintiff's Complaint.

41. Defendant admits the allegations contained in Paragraph No. 41 of Plaintiff's Complaint.

42. Defendant admits that the Respondent's motion was denied by the trial court on June 24, 2013.

43. Defendant admits that the Court based its decision on the lack of funding for interpreters during mediation but denies any mischaracterization that it was "seemingly" based.

44. Defendant admits only that King, by counsel, filed Respondent's Motion to Reconsider Request for a Court Appointed Interpreter on June 27, 2013.

45. Defendant admits the allegations contained in Paragraph No. 45 of Plaintiff's Complaint.

46. Defendant admits only that in order to alleviate the need for an interpreter under the circumstances presented, the Court waived the parties' obligation under local rules to submit issues to mediation. No order for mediation under this cause number is entered and no mediation is required by the Court as a condition for further proceedings on the issues presented by the pleadings.

47. Defendant is without knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph No. 47 of Plaintiff's Complaint.

48. Defendant is without knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph No. 48 of Plaintiff's Complaint.

49. Defendant denies the allegations contained in Paragraph No. 49 of Plaintiff's Complaint.

50. Defendant admits the allegations contained in Paragraph No. 50 of Plaintiff's Complaint.

51. Defendant admits the allegations contained in Paragraph No. 51 of Plaintiff's Complaint.

52. Defendant denies the allegations contained in Paragraph No. 52 of Plaintiff's Complaint.

53. Defendant is without knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph No. 53 of Plaintiff's Complaint.

54. Defendant is without knowledge or information sufficient to form a belief concerning the truth of allegations set forth in Paragraph No. 54 of Plaintiff's Complaint.

55. The allegations set forth in Paragraph No. 55 of Plaintiff's Complaint parties that were dismissed with prejudice by the Court in its Order on Defendants' Motion to Dismiss dated May 5, 2015 (DE 102); therefore, no response is required. To the extent that the allegations in Paragraph 55 of the Complaint are construed as allegations against this Defendant, the Defendant is without knowledge or information sufficient to form a belief concerning the truth of allegations set forth in Paragraph No. 55 of Plaintiff's Complaint and therefore denies those allegations.

56. The allegations set forth in Paragraph No. 56 of Plaintiff's Complaint address parties that were dismissed with prejudice by the Court in its Order on Defendants' Motion to Dismiss dated May 5, 2015 (DE 102); therefore, no response is required. To the extent that the allegations in Paragraph 56 of the Complaint are construed as allegations against this Defendant, the Defendant is without knowledge or information sufficient to form a belief concerning the truth of allegations set forth in Paragraph No. 56 of Plaintiff's Complaint and therefore denies those allegations.

### Post-Mediation

57. Defendant admits Plaintiff submitted a purported Complaint to Indiana Civil Rights Commission, but is without knowledge or information sufficient to form a belief concerning the truth of the allegations set forth in the remainder in Paragraph No. 57 of Plaintiff's Complaint and therefore denies those allegations, and further denies that Plaintiff is entitled to any relief whatsoever.

58. Defendant admits Plaintiff submitted a purported Notice of Tort Claim to Office of the Attorney General, but is without knowledge or information sufficient to form a belief concerning the truth of allegations set forth in the remainder of Paragraph No. 58 of Plaintiff's Complaint and therefore denies those allegations, and further denies that Plaintiff is entitled to any relief whatsoever.

**COUNT 1: VIOLATION OF THE AMERICAS WITH DISABILITIES ACT**

59. Defendant incorporates by reference its responses to Paragraph Nos. 1 through 58 in response to Paragraph No. 59 of Plaintiff's Complaint.

60. Defendant denies the allegations contained in Paragraph No. 60 of Plaintiff's Complaint.

61. The allegations set forth in Paragraph No. 61 of Plaintiff's Complaint addresses parties that were dismissed with prejudice by the Court in its Order on Defendants' Motion to Dismiss dated May 5, 2015 (DE 102); therefore, no response is required. To the extent that the allegations in Paragraph 61 of the Complaint are construed as allegations against this Defendant, the Defendant is without knowledge or information sufficient to form a belief concerning the truth of allegations set forth in Paragraph No. 61 of Plaintiff's Complaint and therefore denies those allegations.

62. The allegations in Paragraph 62 of Plaintiff's Complaint state a legal conclusion, to which no response is required.

63. Defendant admits the allegations contained in Paragraph No. 63 of Plaintiff's Complaint.

64. Defendant admits the allegations contained in Paragraph No. 64 of Plaintiff's Complaint.

65. The allegations set forth in Paragraph No. 65 address parties that were dismissed with prejudice by the Court in its Order on Defendants' Motion to Dismiss dated May 5, 2015 (DE 102); therefore, no response is required. To the extent that the allegations in Paragraph 65 of the Complaint are construed as allegations against this Defendant, the Defendant is without knowledge or information sufficient to form a belief concerning the truth of allegations set forth in Paragraph No. 65 of Plaintiff's Complaint and therefore denies those allegations.

66. Defendant admits the allegations contained in Paragraph No. 66 of Plaintiff's Complaint.

67. Defendant admits the allegations contained in Paragraph No. 67 of Plaintiff's Complaint.

68. The allegations set forth in Paragraph No. 68 of Plaintiff's Complaint do not address this Defendant. These parties were dismissed with prejudice by the Court in its Order on Defendants' Motion to Dismiss dated May 5, 2015 (DE 102); therefore, no response is required. To the extent that the allegations in Paragraph 68 of the Complaint are construed as allegations against this Defendant, the Defendant is without knowledge or information sufficient to form a belief concerning the truth of allegations set forth in Paragraph No. 68 of Plaintiff's Complaint and therefore denies those allegations.

69. The allegations set forth in Paragraph No. 69 of Plaintiff's Complaint do not address this Defendant. These parties were dismissed with prejudice by the Court in its Order on Defendants' Motion to Dismiss dated May 5, 2015 (DE 102); therefore, no response is required. To the extent that the allegations in Paragraph 69 of the Complaint are construed as allegations against this Defendant, the Defendant is without knowledge or information sufficient to form a belief concerning the truth of allegations set forth in Paragraph No. 69 of Plaintiff's Complaint and therefore denies those allegations.

70. Defendant admits the allegations contained in Paragraph No. 70 of Plaintiff's Complaint.

71. Defendant admits the allegations contained in Paragraph No. 71 of Plaintiff's Complaint.

72. The allegations set forth in Paragraph No. 72 of Plaintiff's Complaint do not address this Defendant. These parties were dismissed with prejudice by the Court in its Order on Defendants' Motion to Dismiss dated May 5, 2015 (DE 102); therefore, no response is required. To the extent that the allegations in Paragraph 72 of the Complaint are construed as allegations against this Defendant, the Defendant is without knowledge or information sufficient to form a

belief concerning the truth of allegations set forth in Paragraph No. 72 of Plaintiff's Complaint and therefore denies those allegations.

73. The allegations set forth in Paragraph No. 73 of Plaintiff's Complaint address parties that were dismissed with prejudice by the Court in its Order on Defendants' Motion to Dismiss dated May 5, 2015 (DE 102); therefore, no response is required. To the extent that the allegations in Paragraph 73 of the Complaint are construed as allegations against this Defendant, the Defendant admits the allegations contained in Paragraph No. 73 of Plaintiff's Complaint.

74. Defendant admits the allegations contained in Paragraph No. 74 of Plaintiff's Complaint.

75. The allegations set forth in Paragraph No. 75 of Plaintiff's Complaint address parties that were dismissed with prejudice by the Court in its Order on Defendants' Motion to Dismiss dated May 5, 2015 (DE 102); therefore, no response is required. To the extent that the allegations in Paragraph 75 of the Complaint are construed as allegations against this Defendant, the Defendant is without knowledge or information sufficient to form a belief concerning the truth of allegations set forth in Paragraph No. 75 of Plaintiff's Complaint and therefore denies those allegations.

76. The allegations set forth in Paragraph No. 76 of Plaintiff's Complaint address parties that were dismissed with prejudice by the Court in its Order on Defendants' Motion to Dismiss dated May 5, 2015 (DE 102); therefore, no response is required. To the extent that the allegations in Paragraph 76 of the Complaint are construed as allegations against this Defendant, those allegations are denied.

77. The allegations set forth in Paragraph No. 77 of Plaintiff's Complaint address parties that were dismissed with prejudice by the Court in its Order on Defendants' Motion to Dismiss dated May 5, 2015 (DE 102); therefore, no response is required. To the extent that the

allegations in Paragraph 77 of the Complaint are construed as allegations against this Defendant, those allegations are denied.

78. Defendant denies the allegations contained in Paragraph No. 78 of Plaintiff's Complaint.

79. Defendant denies the allegations contained in Paragraph No. 79 of Plaintiff's Complaint.

80. Defendant denies the allegations contained in Paragraph No. 80 of Plaintiff's Complaint.

81. Defendant denies the allegations contained in Paragraph No. 81 of Plaintiff's Complaint.

82. Defendant is without knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph No. 82 of Plaintiff's Complaint.

83. Defendant denies the allegations in Paragraph No. 83 of Plaintiff's Complaint.

84. Defendant denies the allegations contained in Paragraph No. 84 of Plaintiff's Complaint.

### COUNT 2: VIOLATION OF THE REHABILITATION ACT

85. Defendant incorporates by reference its responses to Paragraph Nos. 1 through 84 in response to Paragraph No. 85 of Plaintiff's Complaint. This count was dismissed by the Court in its Order on Defendants' Motion to Dismiss dated May 5, 2015 (DE 102); therefore, no response is required.

86. This count was dismissed by the Court in its Order on Defendants' Motion to Dismiss dated May 5, 2015 (DE 102); therefore, no response is required.

87. This count was dismissed by the Court in its Order on Defendants' Motion to Dismiss dated May 5, 2015 (DE 102); therefore, no response is required.

88. This count was dismissed by the Court in its Order on Defendants' Motion to Dismiss dated May 5, 2015 (DE 102); therefore, no response is required.

89. This count was dismissed by the Court in its Order on Defendants' Motion to Dismiss dated May 5, 2015 (DE 102); therefore, no response is required. Defendant denies that Plaintiff is entitled to any relief whatsoever.

## PRAYER FOR RELIEF

90. As to the Plaintiff's prayer for relief, Defendant denies the allegations in Paragraph 90 of Plaintiff's Complaint and further denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

WHEREFORE, Defendant respectfully requests that the Plaintiff take nothing by way of his Complaint, that the Plaintiff's Claim be dismissed with prejudice in its entirety; judgment be entered in favor of Defendant and against the Plaintiff pursuant to applicable laws; and Defendant has such other and further relief as this Court may deem just and appropriate.

## GENERAL DENIAL

The Defendant denies any and all remaining allegations set forth in Plaintiff's Complaint not herein previously admitted or denied.

## DEFENSES

**Without waiving any of the defenses set forth above, or any other defenses available, Defendant, by counsel, respectfully asserts the following Defenses and Affirmative Defenses to the allegations in Plaintiff's Complaint:**

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Mediation is not a service, program, or activity of a public entity covered by Title II of the ADA.

3. Plaintiff is not a qualified individual with a disability under Title II of the ADA.

4. The auxiliary aids or services demanded by Plaintiff would result in a fundamental alteration in the nature of the program or activity of the Defendant.

5. The auxiliary aids or services demanded by Plaintiff would result in an undue financial or administrative burden on the Defendant.

6. Plaintiff's claim is barred by the Eleventh Amendment and sovereign immunity.

7. Defendant is entitled to judicial immunity.

8. All actions taken by Defendant are immunized by the doctrine of absolute and/or qualified immunity, discretionary immunity, and any other applicable immunity.

9. Plaintiff's rights, privileges, and immunities secured under the laws of the United States, have not been violated by any alleged action(s) of the Defendant.

10. Defendant's alleged acts or omissions were made in good faith and with the understanding that the same were lawful and entirely reasonable.

11. All actions taken by Defendant with regard to Plaintiff were taken for legitimate, non-discriminatory reasons.

12. All actions taken with regard to Plaintiff were taken for bona-fide business reasons and as a result of reasonable factors, and were without discriminatory intent, purpose or effect.

13. Plaintiff's claim is barred by the domestic relations exception.

14. Plaintiff's claim is barred by the *Rooker-Feldman* doctrine.

15. Plaintiff's claim is barred by the doctrines of waiver, estoppel and/or unclean hands.

16. Plaintiff's claim is barred to the extent Plaintiff lacks standing.

17. Plaintiff's claim is barred by mootness.

18. Plaintiff is estopped to assert his claim.

19. Plaintiff has failed to mitigate damages, if any.

Defendant reserves its right to assert any additional defense that may arise as discovery progresses or otherwise in the course of litigation.

                                              Respectfully submitted,

                                              GREGORY F. ZOELLER
                                              Indiana Attorney General
                                              Attorney No. 1958-98

Date:  May 18, 2015            By:    s/*Patricia Orloff Erdmann*
                                              Patricia Orloff Erdmann
                                              Deputy Attorney General and Chief Counsel
                                              For Litigation
                                              Attorney No. 17664-49
                                              Phone:  (317) 232-6318
                                              Email:  patricia.erdmann@atg.in.gov

                                              s/*Betsy M. Isenberg*
                                              Betsy M. Isenberg
                                              Deputy Attorney General
                                              Atty. No. 23856-71
                                              Phone:  (317) 232-6231
                                              Fax:  (317) 232-7979
                                              Email:  Betsy.Isenberg@atg.in.gov

                                              OFFICE OF THE INDIANA ATTORNEY GENERAL
                                              Indiana Government Center South, 5th Floor
                                              302 W. Washington St.
                                              Indianapolis, IN 46204-2770
                                              Fax:    (317)232-7979

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 18, 2015, a copy of the foregoing *Defendants' Answer to Second Amended Complaint for Damages* was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Alex Maurice Beeman
Andrea L. Ciobanu
CIOBANU LAW, P.C.
abeeman@ciobanulaw.com
aciobanu@ciobanulaw.com

                                                    By: s/ *Patricia Orloff Erdmann*
                                                         Patricia Orloff Erdmann
                                                         Deputy Attorney General and
                                                          Chief Counsel For Litigation
                                                          Attorney No. 17664-49
                                                          Telephone: (317)232-6318
                                                          Fax: (317) 232-7979
                                                          Email: Patricia.Erdmann@atg.in.gov

Office of the Indiana Attorney General
Indiana Government Center South, 5th Floor
302 W. Washington Street
Indianapolis, IN  46204