**Alex Beeman**

| | |
|---|---|
| From: | VanOsdol, Emily <Emily.VanOsdol@indy.gov> |
| Sent: | Friday, August 14, 2015 9:45 AM |
| To: | Alex Beeman |
| Cc: | Biesecker, Fred R.; McDermott, Richard; Hollis, Russell |
| Subject: | Response to August 7 APRA Request |
| Attachments: | 2013 Carolina Salter Contract.pdf; 2013 Dawn Ramey Contrat.pdf; 2013 Indianapoli Intrepreter Contract.pdf; Copy of 2013 Adopted Budget - SuperiorCourt_081215.pdf; Copy of 2013 Adopted Budget - Circuit Court_081215.pdf; FRC Project Process and Procedure Manual.pdf; FRC Budget.pdf; ADR Plan.pdf |

August 14, 2015

Mr. Alex Beeman
Cibobanu Law, PC
8910 Purdue Road, Suite 240
Indianapolis, IN 46268

Dear Mr. Beeman:

Please consider this response to be on behalf of the Marion Superior Court, including the Office of the Court Administrator and the Family Resource Center. I have received and reviewed your request for Public Records requesting the following items:

- 2013 itemized budget of Marion County Courts (attached)
- 2013 itemized budget of the Marion County Circuit Court (attached)
- 2013 itemized budget for the Family Resource Center (attached)
- Any itemized budget for interpreter fees, schedules, or monies for ASL and/or ESL interpreters in mediation, including modest means mediation through the Family Resource Center (no such record exists)
- Any contracts entered into for interpretation services (including for Spanish, ESL/ASL, or any other languages) in 2013, including contracts entered into for the Family Resource Center (attached)
- A copy of Marion County's 2013 alternative dispute resolution plan (attached)
- A copy of any and all rules, regulations, policies and procedures related to the modest means mediation program through the Family Resource Center. (attached)

Your letter was received on August 7, 2015 via facsimile.

We believe this satisfies the request that you have made. If you require any additional information, please complete an additional request for access to public records form.

Respectfully,

Emily A. VanOsdol
Court Administrator

CC:
Russell Hollis, Marion County Clerk's Office
Rich McDermott, Corporation Counsel
Fred Biesecker, City-County Council

Exhibit 2-B

1

**Emily A. VanOsdol**
**Court Administrator** | Marion Superior Court | 200 E. Washington Street, T-1221 | Indianapolis, IN 46204
t 317.327.7822 | f 317.327.3884 | emily.vanosdol@indy.gov | *courts.indy.gov*

# THE

# MARION COUNTY DOMESTIC RELATIONS

# ALTERNATIVE DISPUTE

# RESOLUTION PLAN (*as amended*)

*Respectfully Submitted before the Indiana Judicial Conference this ___ day of _____, 2004.*

_____
*Robyn L. Moberly, Chairperson*
*Marion Superior Court, Civil Term*

# GOALS OF THE
# MARION COUNTY FAMILY RELATIONS
# ALTERNATIVE DISPUTE RESOLUTION PLAN

The MARION SUPERIOR COURT ALTERNATIVE DISPUTE RESOLUTION PLAN (the "Plan") seeks to minimize adversarial processes, promote agreed resolutions, avoid post-dissolution processes, maximize timely case management, and conserve family relations and resources. The Plan anticipates fulfilling these goals through mediation, assistance of mental health professionals, parental education, service referrals, and other related programs. Plan resources and funds shall only be used to pay for modest means and pro bono mediation (as provided hereinafter). Families with the financial resources to pay for mediation services and mediation services paid for by Plan funds shall continue to be governed by the Alternative Dispute Resolution Rules and local rules.

Pro bono mediation will be administered through the same procedure and staff as modest means mediation but shall be fulfilled through pro bono mediators' services pursuant to Civil Division Local Rule 16.3 (C)(3), and will not utilize mediation plan funds. If the judicial officer determines that Plan funds should be used in a pro bono mediation case, the judicial officer shall make a specific finding stating why Plan funds shall be used and shall require a co-payment in the lowest amount then provided on the Table of Co-Payments.

## FILING AND MEDIATION REFERRAL PROCEDURE

(A)     Pleadings. -- By local rule, parties are required to file with the *Petition For Dissolution of Marriage* a Verified Financial Statement (i.e. adequate information necessary to determine child support), and a statement describing any litigation involving either party or their children.  The *Petition for Dissolution of Marriage* may include a request for a preliminary hearing.  With the adoption of the court's mediation plan, the parties may also request referral, by court order, to mediation with the financial assistance of the mediation plan funds.  On its own motion, the Court may also refer the parties to mediation, which can be discretionary or mandatory for the party.  A referral to modest means mediation for utilization of fund resources can only be made by a judicial officer, either by request of a party or on its own motion.  Alternative Dispute Resolution Rules shall apply to all mediations conducted by court order.

(B)     Preliminary orders. -- Upon filing of a *Petition For Dissolution*, the court will in due course enter orders, either by agreement of the parties or after a contested hearing, resolving the following issues *pendente lite*, as the parties have disclosed:

    (1) Custody

    (2) Visitation

    (3) Maintenance

    (4) Conservation of assets/property

    (5) Debt service.

(C)  All parties with minor children are ordered to attend "Children Cope With Divorce". The parties are advised of court procedure. Mediation is explained. Group education and orientation will describe the effect that a dissolution action has upon the family and the parties' obligations to provide positive emotional and economic support of their children.

(D)  Upon the request of either party or by the Court on its own motion, an order may be entered for referral to mediation. The Court shall not order parties to mediation under this Plan if either of the parties is currently charged with or has been convicted of a crime under I.C. 35-42 or a crime in another jurisdiction substantially similar. The referral may occur either before or after the preliminary hearing. If the verified financial information and any other reliable evidence indicate a need for financial assistance from the mediation funds, the Court will make an order for payment from the fund, including an assessment of a co-payment for each party[1]. The Court shall appoint a family mediator who is registered with the Indiana Supreme Court Mediator Registry who has expressed availability for mediation within Marion County and a willingness to mediate under the terms of this Plan and accept the hourly mediation fee, as set by the Civil Term.

(E)  If the Court has determined that the parties are eligible for participation in the MARION COUNTY ALTERNATIVE DISPUTE RESOLUTION PLAN, an Order shall be sent to the mediator, along with an explanation of claim payment procedure. The mediator will report to the court whether the mediation was successful, partially successful (some but not all issues were resolved), or unsuccessful.

## FINANCIAL INFORMATION

(A) Criteria for eligibility:

The MARION COUNTY DOMESTIC RELATIONS ALTERNATIVE DISPUTE RESOLUTION PLAN will use a combination of guidelines. Fees are waived for an indigent.[2] Pro bono mediators will be recruited, pursuant to our local rule for pro bono mediation, to mediate and facilitate agreements between litigants who are screened for indigency by the court.

A party qualifying for financial assistance under the sliding fee scale could receive mediation services with a minimum co-payment of $10.00 per hour. Assistance from the fund can be authorized for a party with higher incomes on a "sliding scale" approach in the discretion of the Court. For this purpose, the courts shall refer to guidelines such as those attached as Appendix "A". The Circuit Court Clerk began collection of the fee on August 1, 2003. The mediation fee shall be remitted to the Auditor who shall be responsible for holding the funds pending disbursement. The Chair of the Civil Division of the Courts or a designated elected judge shall be the person responsible for managing the funds.

(B) Anticipated revenues:

In 2002 there were nearly 5,200 dissolution of marriage cases filed in the Marion Superior Court. A significant number of these cases were indigent and the filing fee was waived by the judge. It is anticipated the additional $20.00 per dissolution case authorized by statute will therefore result in an annual fund of approximately $89,000.00 for the Marion Superior Court.(C) Anticipated use of fund:

The courts and the family law bar believe that the greatest need for funds for

mediating indigent and modest means dissolution cases involve child-related issues (custody and visitation). The greatest majority of the funds, therefore, would be earmarked for assistance to parties in payment of mediators for these disputes. The judicial officer ordering the parties to mediation pursuant to this plan shall specifically state why it is an appropriate use of Plan funds to mediate a dispute in a dissolution of marriage case with no children. Funds would be available for additional services ordered by the Court on its own or at the suggestion of the court-appointed mediator (i.e. parenting classes, custody evaluation by DRCB). Funds shall be used to pay for the services, continuing education and training, and supplies of the Family Court Coordinator, who will be providing staff assistance to this mediation project.

The budget for 2004 shall be:

| | |
|---|---|
| Character 1 (salary and fringes) | $12,000.00 |
| Character 2 (supplies and office) | $5,000.00 |
| Character 3 (computer design services to Crowe Chizek) | $18,600.00 |
| Character 3 (direct payment of mediation fees) | $ 57,900.00 |

## EDUCATION

The court has been educating and will continue to educate throughout the process of implementing the Plan. We began by educating the bar at open sessions of the executive committee meetings at the Indianapolis Bar Association. The education outlined the Plan as well as the increase in the filing fees for dissolution of marriage cases. The education branched further when personal letters were sent to every registered mediator willing to serve as mediators in Marion County domestic cases. The letter educated and then invited each mediator to become a part of the court's mediator list. The Plan was introduced on a larger scale in an article printed in the September 10th – 23rd issue of The Indiana Lawyer. Finally, for several weeks, the voicemail of the Family Court Project was used to educate callers regarding the filing fee increase after its implementation by the County Clerk's Office.

The court will continue to educate the various audiences as necessary. An information brochure or flyer will be placed in the court offices and distributed to various service providers. The information brochure will also be distributed to pro se litigants. Court personnel were given the opportunity for training, and will continue to be educated as the Plan is implemented or as staff changes. Opportunities to keep the Plan and its benefits before the general public will be created throughout the process. Implementation and education of the mediators, the bar, and other interested participants in the process will take precedence throughout implementation.

## COORDINATION

The Plan generates coordination with existing programs throughout the county in many ways. The ADR plan is a product of the Marion County Family Court Project Advisory Committee. This committee is comprised of judicial officers, attorneys, mediators, and representatives from many service providers such as CASA, Children's Bureau, and Heartland Pro Bono Project. By utilizing this committee to conceptualize the Plan, the county has tried to avoid duplication of services and has tailored a plan that best serves Marion County. The step of creating the mediator list began the relationship with registered mediators. This process gave the court the opportunity to engage many mediators who were not necessarily directly interacting with the court, and built a surplus of mediators, while giving the courts an idea of what was available. Pro Se and Pro Bono projects in the area will continue to be consulted throughout the project.

## EVALUATION

The court will pursue both objective and subjective methodologies to evaluate the Plan's effectiveness. The Court's Family Court Coordinator will accumulate data on the number of referrals to mediation and the number of families who resolved all or a portion of the issues presented by their dissolution action. The Family Court Coordinator will also send surveys to litigants, attorneys of litigants referred to the Plan, and to the mediators to accumulate anecdotal information to evaluate and improve the processes and procedures

Appendix "A"

# Marion County Alternative Dispute Resolution Sliding Fee Scale

*Only children of the cause should be considered when using this scale.*
*Copay figure is the amount that the party should pay per hour*

| Annual Income | Weekly Income | Parents of 1 Child | Parents of 2 Children | Parents of 3 Children |
|---|---|---|---|---|
| Less than $17,499 | <$288 | $ - | $ - | $ - |
| $17,500 - $19,999 | $337 - $384 | $ 5.00 | $ - | $ - |
| $20,000 - $22,499 | $385 - $433 | $ 10.00 | $ 5.00 | $ - |
| $22,500 - $24,999 | $434 - $481 | $ 15.00 | $ 10.00 | $ - |
| $25,000 - $27,499 | $482 - $529 | $ 20.00 | $ 15.00 | $ - |
| $27,500 - $29,999 | $530 - $577 | $ 25.00 | $ 20.00 | $ 5.00 |
| $30,000 - $32,499 | $578 - $625 | $ 30.00 | $ 25.00 | $ 10.00 |
| $32,500 - $34,999 | $626 - $673 | $ 35.00 | $ 30.00 | $ 15.00 |
| $35,000 - $37,499 | $674 - $721 | $ 40.00 | $ 35.00 | $ 20.00 |
| $37,500 - $40,000 | $722 - $769 | $ 45.00 | $ 40.00 | $ 25.00 |

**Scale Rational:**
*This scale is based on the total family income
**The contribution of each individual should be figured by
the percentage of the family income that the individual provides

11

# SERVICES AGREEMENT

This services agreement (hereinafter "Agreement") entered into by and between the Marion Superior Court of Marion County, Indiana (hereinafter "Court"), and Indianapolis Interpreters, Inc., 906 E. 66 Street Ste B, Indianapolis, Indiana 46220(hereinafter "Provider"),

*Witnesseth that:*

WHEREAS, the Court has the need to retain the services of a person or persons to provide interpretive language services, translating both verbal and written statements; and

WHEREAS, the Provider is capable and desirous of providing such services for the Court;

NOW THEREFORE, in consideration of the mutual covenants contained herein, the Court and Provider agree, as follows:

SECTION 1. TERM AND RENEWAL

The Agreement shall be effective on and after the date upon which both the Court and the Provider have executed the same as evidenced below, and shall expire on December 31, 2013, unless earlier terminated in accordance with this Agreement.

The Agreement may be renewed beyond the expiration date for a term of two (2) years or a different term by agreement of the parties. Agreements for renewal shall be by written notice sent by either party, and written acceptance by the other. All other terms and conditions of the Agreement shall remain the same as set forth herein, and may be amended only by written instrument signed by both of the Court and Provider and attached hereto as an Amendment.

SECTION 2. SERVICES

Provider and its employees and agents shall be available to the Court between the hours of eight thirty (8:30) o'clock a.m. and five (5:00) o'clock p.m. on days when the Court is in session, and also shall be available at such other times and places as directed by the Court under Section 4 of this Agreement in the event a trial or other proceeding which requires the Provider's services extends beyond the usual hours.

Provider's services shall include the interpretation of verbal statements in Court proceeding from English to any of the included languages listed on Addendum A, and from any of the included languages listed on Addendum A to English; such verbal statements shall include statements made by parties to lawsuits, witnesses, attorneys, judges and other Court personnel.

SECTION 3. CONFLICT OF INTEREST; CONFIDENTIALITY

Provider represents and warrants that neither Provider nor any of Provider's officers, employees or agents has or will have any conflict of interest, direct or indirect, with the Court throughout the term of this Agreement.

The Provider and Provider's officers, employees and agents must avoid all improprieties and the appearance of all improprieties in all contacts with the parties and counsel in the performance of interpretive language services. In providing these services under this Agreement, it is critical that the public have confidence in the integrity and impartiality of the proceedings. It is not possible to detail all situations where an appearance of impropriety may arise. An example of creating an appearance of impropriety, however, would be developing and/or maintaining a personal or professional relationship