UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DUSTIN A. KING, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | )   No. 1:14-cv-01092-JMS-MJD |
| | ) |
| MARION CIRCUIT COURT, | ) |
| | ) |
| *Defendant*. | ) |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The Court conducted a damages bench trial in this action on August 23, 2016. Plaintiff Dustin A. King was present in person and by Counsel Andrea Ciobanu and Alex Beeman. Defendant Marion Circuit Court was present by Counsel Philip Gordon and Betsy Isenberg.

Mr. King filed this cause of action against Marion Circuit Court under Title II of the Americans with Disabilities Act ("ADA") for failure to provide him with an American Sign Language ("ASL") interpreter during his participation in the Modest Means Mediation Program. [Filing No. 1.] On May 27, 2016, the Court issued an Order granting Mr. King's Motion for Partial Summary Judgment and denying Marion Circuit Court's Cross-Motion for Summary Judgment. [Filing No. 157.] Specifically, the Court held that Marion Circuit Court had violated the ADA when it failed to provide Mr. King with an interpreter or a reasonable accommodation for the Modest Means Mediation Program. [Filing No. 157 at 28.] On August 23, 2016, the Court held a bench trial to determine the issue of damages.

The Court now issues its findings of fact and conclusions of law.

# I.
## FINDINGS OF FACT[1]

Mr. King is deaf and his primary form of communication is through ASL.  In 2013, he was the respondent in a family law matter in Marion Circuit Court regarding parenting time and child support with respect to his daughter.  Instead of pursuing the family law matter through trial, Mr. King requested to participate in the Modest Means Mediation Program.  He wanted to participate in mediation because he did not want his daughter to go through trial, did not want to experience the delays of a trial, and wanted his daughter to participate in his upcoming wedding.  Marion Circuit Court granted Mr. King's request and ordered the parties to participate in the Modest Means Mediation Program.

Because he is only able to communicate through an ASL interpreter, Mr. King filed a request with Marion Circuit Court on June 21, 2013 to appoint an ASL interpreter for mediation, and Marion Circuit Court denied that request on June 24, 2013.  Mr. King filed a motion to reconsider his request arguing that the denial of an interpreter for mediation would be a violation of the ADA, and Marion Circuit Court denied his renewed request on July 3, 2013.  Mr. King moved to certify the issue of being denied an ASL interpreter for an interlocutory appeal, and Marion Circuit Court also denied that request on July 18, 2013.  Mr. King and his step-father, Roland Hodges, also visited the Office of the Governor and the Marion County Clerk's Office in an attempt to seek assistance in arranging for an ASL interpreter for the Modest Means Mediation Program, but those entities would not provide him with an interpreter.

Despite being denied an interpreter, Mr. King continued with the Modest Means Mediation Program, which took place on July 29, 2013, and lasted approximately three to four hours.  Mr.

---

[1] Any finding of fact should be deemed a conclusion of law to the extent necessary.

King asked his step-father, Mr. Hodges, to be his ASL interpreter during the mediation. Mr. Hodges has taken classes in ASL at the Indiana School for the Deaf and has charged as much as $60 per hour to interpret. He has previously interpreted in different settings, such as for church and school related functions, but he is not a certified court interpreter and has never interpreted in court or for court-related services prior to Mr. King's mediation. Mr. Hodges has also interpreted for Mr. King throughout his life for school meetings, sports, and in other similar settings. At the time of the mediation, Mr. Hodges worked at Eli Lilly and Company and had to use one vacation day to attend. He never charged Mr. King for interpreting for him because Mr. King was unemployed at the time, but he expressed to Mr. King that he expected to be paid if Mr. King was ever compensated.

Mr. Hodges' wife, Nancy Hodges, and Mr. King's wife (then fiancée), Kassandra King, were also present during the mediation. Although Mr. Hodges was the primary interpreter, Nancy Hodges and Kassandra King were there for emotional support and to help Mr. Hodges interpret during the times that he got emotionally involved and/or distracted.

Although Mr. King was ultimately satisfied with the outcome of the mediation, he incurred $380 in attorneys' fees for the process of requesting an interpreter from Marion Circuit Court and suffered emotional distress as a result of being denied an ASL interpreter. He felt awful, angry, upset, and anxious from being denied an interpreter for the mediation and from having to file subsequent motions with the court in an effort to obtain an interpreter. Mr. Hodges observed that Mr. King was stressed out during the mediation since it was his first time participating in a legal proceeding and Mr. King was worried about being able to fully understand what was taking place. Mr. King and Mr. Hodges recounted many challenges Mr. King has experienced throughout his life as a result of being deaf. Mr. King was shocked, hurt, frustrated and angry that he was being

denied an interpreter by a court – the entity he had believed would protect his rights and provide an interpreter for the mediation. Mr. King's distress was physically apparent. He cried. His facial expressions reflected his worry. He exhibited nervous behavior such as shaking, sweating, and picking his fingernails. He has a sense of dread because the justice system violated his rights. Mr. King believed that he could not participate unless he had an interpreter, and further believed that he was denied the same quality of opportunity as someone who was not disabled. The denial of an interpreter still bothers him. However, he did not seek care from any doctor, medical provider, psychologist, therapist or any other medical professional for his emotional distress.

## II.
## CONCLUSIONS OF LAW[2]

Compensatory damages are available under Title II of the ADA upon a showing of intentional discrimination. *CTL ex rel. Trebatoski v. Ashland School Dist.*, 743 F.3d 524, 528 (7th Cir. 2014) (*citing Barnes v. Gorman*, 536 U.S. 181, 184-85 (2002)). The Court found Marion Circuit Court liable under Title II of the ADA for failure to provide Mr. King with an interpreter or a reasonable accommodation during the Modest Means Mediation Program, and found its violation to be willful because Mr. King had specifically cited the ADA and its relevant provisions in seeking the interpreter. [Filing No. 157 at 28.] The Court awards compensatory damages only for injuries that the Plaintiff has proved by a preponderance of the evidence were caused by the Defendant's wrongful conduct. Fed. Civ. Jury Instr. 7th Cir. 3.10 (2010). Compensatory damages are not restricted to the actual loss of money, but also include physical and mental aspects of the injury, even if they are not easy to measure. *Id*. The Court is specifically permitted to award damages for the mental/emotional pain and suffering the Plaintiff has experienced. *Id*. Because

---

[2] Any conclusion of law should be deemed a finding of fact to the extent necessary.

4

there is no exact standard for setting the damages, the Court determines an amount that will fairly compensate the Plaintiff for the injury he has sustained. *Id*.

Mr. King seeks a total amount of $20,380 in compensatory damages. The parties agree that Mr. King incurred $380 in attorneys' fees for the process of requesting an interpreter with Marion Circuit Court. However, the parties dispute whether Mr. King is entitled to any damages for his emotional distress. Mr. King argues that he is entitled to $20,000 for the emotional distress that he suffered as a result of being denied an interpreter. Marion Circuit Court argues that Mr. King has not met his burden of proof that he is entitled to those damages and that, at most, he is only entitled to nominal damages.

At the conclusion of the bench trial, the Court ordered the parties to file supplemental briefs that provided legal authority with respect to the time period for which compensatory damages are recoverable. Each of the parties filed a supplemental brief, [*see* Filing No. 194; Filing No. 195], and the Court finds that there is no definitive end point for the time period for which compensatory damages may or may not be recoverable. Moreover, the Seventh Circuit Court of Appeals gives great weight to a district court's determination of compensatory damages because it is in a better position to make findings of credibility, consider the weight of evidence, and make inferences from the evidence. *E.E.O.C. v. AutoZone, Inc.*, 707 F.3d 824, 833 (7th Cir. 2013). When determining whether an award of compensatory damages is excessive, Seventh Circuit precedent considers the following factors: whether the damages awarded "(1) were monstrously excessive; (2) had no rational connection between the award and evidence; and (3) were roughly comparable to awards made in similar cases." *Id*.

It is with these standards in mind that the Court finds an award of $10,000 to be a fair compensation for the emotional distress Mr. King has suffered. The Court finds that there is a

5

rational connection to support an award based on the evidence presented as to Mr. King's mental/emotional pain and suffering. Mr. King and his family members testified during the bench trial about his emotional distress during the process of requesting an interpreter for mediation and from having to rely on family members rather than a certified court interpreter to translate for him during mediation. He exhibited physical manifestations of stress, frustration, shock, anger and anxiety, and he remains bothered that it was the "justice system" that denied his rights. The Court credits their testimony and concludes it was caused by the Marion Circuit Court's denial of Mr. King's request for an ASL interpreter in violation of the ADA.

The Court also considered other similar cases that have issued roughly comparable damages. Although the Court was unable to locate other Title II of the ADA cases discussing compensatory damages, it located Seventh Circuit case law that is authoritative on the measure of compensatory damages under similar circumstances.

In *Avitia v. Metropolitan Club of Chicago, Inc.*, 49 F.3d 1219, 1226 (7th Cir. 1995), the Seventh Circuit provided a thorough discussion of nonpecuniary damages, which includes "pain, suffering, and physical and emotional distress." It analyzed whether the evidence of damages was adequate to support the jury's verdict where, in part, the plaintiff was awarded $21,000 for emotional damages for being terminated in violation of the Fair Labor Standards Act. The Court acknowledged that in making the determination to award nonpecuniary damages, "the distress need not cross some threshold of severity" and that "the slighter the emotional distress, the lower the ceiling on a reasonable award of damages. . . ." *Id.* It also noted that evidence of the plaintiff's emotional distress consisted merely of fourteen lines of his testimony of how he felt for being fired after working at the defendant company for thirteen years. Thus, the Court held that an award of $21,000 for being fired, "even [when the] distress [was] enough to make a grown man cry," was

excessive, and that a remittitur of $10,500 – half of the awarded damages – was necessary to "keep these damages within the limits of the rational." *Id.* at 1229-30.

Alternatively, the Seventh Circuit in *Lampley v. Onyx Acceptance Corp.*, 340 F. 3d 478, 484-85 (7th Cir. 2003), – a Title VII race discrimination and retaliation case – held that the jury's verdict of $75,000 in compensatory damages for the retaliation claim (or $30,000 when adjusting to the statutory maximum) was appropriate given the highly fact-specific nature of the case. The plaintiff and his wife testified that the plaintiff's termination had negative effects on his emotional state, and that some of those emotions still lingered to that day. *Id.* at 484. Particularly noteworthy, the court in *Lampley* found its circumstances distinguishable from *Merriweather v. Family Dollar Stores of Indiana, Inc.*, 103 F.3d 576, 581 (7th Cir. 1996), where the court remitted an award of $25,000 for compensatory damages down to $6,250. In that case, the plaintiff sued her employer for Title VII race discrimination and retaliation, and the court found that the plaintiff's retaliatory discharge was only one of several factors that affected her emotional state.

Given the case law addressing similar circumstances to Mr. King's, the Court finds that $10,000 is a reasonable amount to compensate Mr. King for the emotional distress caused by the denial of an ASL interpreter. The Court finds that Mr. King suffered emotional distress due to being denied an interpreter for mediation and for his attempts to appeal that denial. He was further stressed by participating in the mediation at a disadvantage that would not have existed for a person without his disability. The Court further recognizes his shock and frustration with the fact that Marion Circuit Court, which to Mr. King is synonymous with the justice system, discriminated against him by denying him an interpreter, even after Mr. King placed that court on notice that its denial violated Title II of the ADA. The Court also finds notable, however, that Mr. King was satisfied with the outcome of mediation, which only lasted two or three hours, and that he admitted

that the anger and frustration that still linger today are partly due to his federal ADA litigation. Thus, while the Court acknowledges that Mr. King's emotional distress is significant, given the relevant comparable cases, the Court finds that his request for $20,000 is excessive.

### III.
### CONCLUSION

For the reasons noted above, the Court will enter judgment in favor of Mr. King against Marion Circuit Court in the total amount of $10,380.

Date: September 13, 2016

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Alex Maurice Beeman
BEEMAN LAW
alex@beemanlawoffice.com

Adriana Katzen
BLEEKE DILLON CRANDALL, PC
adriana@bleekedilloncrandall.com

Andrea Lynn Ciobanu
CIOBANU LAW, PC
aciobanu@ciobanulaw.com

Dino L. Pollock
INDIANA ATTORNEY GENERAL
dino.pollock@atg.in.gov

Kenneth Lawson Joel
INDIANA ATTORNEY GENERAL
kenneth.joel@atg.in.gov

Philip Alan Gordon
INDIANA ATTORNEY GENERAL
philip.gordon@atg.in.gov

William M. Horne
INDIANA ATTORNEY GENERAL
whorne@hornelegal.com

Adriana Katzen
OFFICE OF CORPORATION COUNSEL
adriana.katzen@indy.gov

Beth Ann Garrison
OFFICE OF CORPORATION COUNSEL
beth.garrison@indy.gov

Amanda J. Dinges
OFFICE OF CORPORATION COUNSEL
200 E. Washington Street
Suite 1601
Indianapolis, IN 46204

Betsy M. Isenberg
OFFICE OF THE ATTORNEY GENERAL
Betsy.Isenberg@atg.in.gov

Patricia Orloff Erdmann
OFFICE OF THE ATTORNEY GENERAL
Patricia.Erdmann@atg.in.gov